**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRENT TIMMER,

      Petitioner,               Case Number 2:20-CV-13261
                                    Honorable Arthur J. Tarnow

v.

SHERMAN CAMPBELL,

      Respondent.

_____/

## OPINION AND ORDER (1) DENYING AS PREMATURE THE MOTION FOR EQUITABLE TOLLING, (2) GRANTING PETITIONER AN EXTENSION OF TIME TO FILE AN AMENDED HABEAS PETITION, (3) HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS, AND (4) ADMINISTRATIVELY CLOSING THE CASE.

Brent Timmer, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for assault with a dangerous weapon, Mich. Comp. Laws § 750.82; and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.[1]

Petitioner filed a request for equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) 1-year period for statute of limitations

---

[1] The Court obtained the information concerning the petitioner's actual convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

for filing a habeas petition.  Petitioner asks for this Court to prospectively equitably toll the one year limitations period found in 28 U.S.C. § 2244(d)(1) for filing habeas petitions in part because of petitioner's inability to obtain the trial transcripts, in part because a corrections officer permitted other inmates to steal items from petitioner's locker and property bag when he was being transferred to another prison, during which some of his legal paperwork was stolen, but primarily because the Coronavirus pandemic has forced the prison where he is now incarcerated to close its law library, or limit the number of hours that petitioner can use the library, making it impossible for him to research and write a proper habeas petition.

The Court construes petitioner's pleading as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because he indicates that he wishes to seek habeas relief on his claims but requests an extension of time to file a more properly researched petition. *See e.g. Sueing v. Palmer*, 503 F. App'x 354, 356-57 (6th Cir. 2012)(petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); *Watkins v. Haas*, 143 F. Supp. 3d 632, 638, n. 4 (E.D. Mich. 2015)(Tarnow, J.), *rev'd sub nom. on other grds Watkins v. Deangelo-Kipp*,

854 F.3d 846 (6th Cir. 2017)(district court construed petitioner's request to stay the petition as a newly filed petition for writ of habeas corpus).

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).

To the extent that petitioner seeks to equitably toll the one year statute of limitations for habeas petitions based on his inability to obtain transcripts, his transfer to another prison, the theft of his legal documents, or limited access to the law library, this request is premature.  Respondent has yet to file an answer to the petition for a writ of habeas corpus.  Although this Court may raise the limitations issue on its own motion, it is under no obligation to do so. *See Day v. McDonough*, 547 U.S. 198, 209 (2006).  If the Court chose to raise the limitations issue, it would be required to provide notice to petitioner and an opportunity to respond to the limitations question. *Id.* at 210-11.

Until such time as the limitations issue is raised by respondent or this Court through proper notice to the parties, petitioner's request for equitable tolling will be denied as premature. *See Bynum v. Smith*, No. 4:07-CV-12767, 2008 WL 160380, at *1 (E.D. Mich. Jan. 15, 2008).

The Court will, however, grant petitioner an extension of time to file an amended habeas petition which properly raises the claims upon which petitioner seeks relief and any memorandum of law in support of such claims. A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See e.g. Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998).  This Court is willing to grant petitioner an extension of time to file an amended habeas petition for petitioner to properly present his claims.  The Court will also grant petitioner an extension of time to file any memorandum of law in support of his claims, if he so chooses.  A habeas petitioner is permitted to assert his claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005).  If petitioner decides that he wishes to return to the state courts to exhaust additional claims, he is free at that time to file a motion to stay the proceedings during the pendency of any state post-conviction motion.

The Court will grant petitioner an extension of time to file an amended habeas petition.  The Court recognizes the grave health risks of the Coronavirus and its impact specifically on prison operations and the life of the inmates who are incarcerated at these facilities.  Because of the uncertainty as to the duration of the Coronavirus pandemic and its effect on prison facilities, the Court will not leave the case open indefinitely but will

administratively close the case.  This shall not be considered an adjudication of the merits of the petition.

Petitioner shall have ninety days from the date that the prison lockdown ends in the Michigan Department of Corrections and full prison library privileges are restored to file his amended habeas petition, any memorandum of law in support of the petition, and any motion to stay the proceedings pending the exhaustion of additional claims in the state courts, if after doing additional research he believes he has additional potentially meritorious claims to raise in the state courts.  Petitioner shall file a motion to reopen the petition when he files his amended habeas petition and any additional pleadings.

## ORDER

**IT IS ORDERED** that:

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance.  Petitioner is **GRANTED** an extension of time to file an amended habeas petition and any additional pleadings. Petitioner shall have **ninety (90) days** from the time that the prison lockdown ends in the State of Michigan to file his amended habeas petition and any additional pleadings. Petitioner shall file a motion to reopen the petition under the current case number and using the current caption.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-944 (E.D. Mich. 2015).

(3) Upon receipt of a motion to reopen the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes.

            s/Arthur J. Tarnow
            ARTHUR J. TARNOW
            UNITED STATES DISTRICT JUDGE

Dated: April 13, 2021

6