## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRENT LEE TIMMER,

        Petitioner,        Civil No. 2:20-CV-13261
                                HONORABLE VICTORIA A. ROBERTS

v.

SHERMAN CAMPBELL,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Brent Lee Timmer, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for felonious assault, Mich. Comp. Laws § 750.82, reckless use of a firearm, Mich. Comp. Laws § 750.863a, possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, and being a second felony habitual offender, Mich. Comp. Laws § 769.10.

For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I.  Background

A jury convicted Petitioner in the Kent County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case involves an altercation between defendant and his wife ("the victim"), where after a night of drinking, defendant pointed a gun at her, threatened her, and ended up shooting the gun over the roof of a neighbor's house.
>
> ***********************************************************
>
> [T]here was other physical evidence to support [the victim's] testimony. In addition to recovering a nine-millimeter gun from the house, the police also recovered a spent shell casing right where the victim said defendant had been standing when he fired the gun in the direction of the neighbor's house. And there was evidence that the shell casing was "consistent" with the cartridges that were recovered from the firearm. Finally, there was testimony that the gun had a capacity to hold a total of 17 rounds, but only 16 rounds were in the firearm right after the incident. Therefore, a jury could reasonably conclude that not only did defendant possess a gun that night, but that he also fired one shot.
>
> *People v. Timmer*, No. 340846, 2018 WL 5305142, at *1, 2 (Mich. Ct.

App. Oct. 25, 2018).

Petitioner's conviction was affirmed. *Id., lv. den.* 503 Mich. 1003, 924 N.W.2d 553 (2019).

Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Timmer,* No. 17-002931-FH (Kent County Circuit Court, July 2, 2020)(ECF No. 14-8, PageID.849-855).  The Michigan appellate courts

2

denied Petitioner leave to appeal. *People v. Timmer*, No. 354338 (Mich. Ct. App. Oct. 29, 2020); *lv. den.* 966 N.W.2d 387 (2021).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) Petitioner was denied a fair trial due to prosecutorial misconduct, (2) Petitioner was denied the effective assistance of trial counsel, (3) appellate counsel Dana Carron was ineffective in failing to present issues one, two, and five before the Michigan Court of Appeals on Petitioner's appeal of right, (4) appellate counsel Renee Wagenaar was ineffective for failing to present issues one, two, and five in Petitioner's application for leave to appeal before the Michigan Supreme Court, (5) Petitioner was denied his right to present a defense when the judge precluded him from calling a witness as a sanction for violating the discovery order, and (6) the evidence was insufficient to convict.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light of
the evidence presented in the State court
proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law or if the state court decides a case differently than the Supreme

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S.

362, 405-06 (2000).  An "unreasonable application" occurs when "a state court

decision unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply

because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly." *Id.* at

410-11.  "[A] state court's determination that a claim lacks merit precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  To obtain habeas relief in

federal court, a state prisoner is required to show that the state court's rejection of

his claim "was so lacking in justification that there was an error well understood and

4

comprehended in existing law beyond any possibility for fairminded disagreement."
*Id.,* at 103.

### III. Discussion

**A. Claims # 1, # 2, and # 5.  The procedurally defaulted claims.**
**Claims # 3 and # 4.  The ineffective assistance of appellate**
**counsel claims.**

Respondent argues that Petitioner's first, second, and fifth claims are procedurally defaulted, in that Petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims on his appeal of right, as required by M.C.R. 6.508(D)(3).  The Court discusses these claims with Petitioner's third and fourth claims alleging the ineffectiveness of appellate counsel both as substantive claims and to establish cause to excuse the default.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error probably resulted in

5

the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Timmer*, 966 N.W.2d 387 (2021). The Michigan Court of Appeals denied Petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Timmer*, No. 354338 (Mich. Ct. App. Oct. 29, 2020)(ECF No. 14-8, PageID.757). These orders, however, did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. The orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits; the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore

look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

The Kent County Circuit Court judge, in rejecting Petitioner's post-conviction claims, first cited M.C.R. 6.508(D)(3) and its requirement that a defendant show cause and prejudice for failing to raise an issue on direct appeal. (ECF No. 14-8, PageID.850-51).  The judge indicated that Petitioner was alleging ineffective assistance of appellate counsel as cause.  The judge stated he would review Petitioner's issues to determine whether he had established good cause for failing to raise the claims on Petitioner's appeal of right. (*Id.,* PageID.851).  The judge reviewed each claim and found them to be without merit.  The judge concluded that appellate counsel was not ineffective for failing to raise each issue on the appeal of right; thus, Petitioner failed to show good cause to excuse the default. (*Id.,* PageID.851-55).

The judge's language in his opinion was sufficient to invoke the provisions of M.C.R. 6.508(D)(3) to procedurally default Petitioner's claims. *See Reeves v. Campbell,* 708 F. App'x 230, 237–38 (6th Cir. 2017)(State court rested its judgment on procedural default as would bar Sixth Circuit from reviewing petitioner's habeas claim; state habeas court stated that petitioner's claim "could have been raised on appeal or in a prior motion," and cited to Michigan Court rule prohibiting court from giving relief if the defendant's motion alleged grounds for relief that could have been

raised on appeal from the conviction and sentence or in prior motion); *Friday v. Pitcher*, 99 F. App'x 568, 574 (6th Cir. 2004)(judge's finding that petitioner failed to establish good cause for failing to raise his claim on direct appeal was sufficient to invoke the procedural bar contained in M.C.R. 6.508(D)(3)).  The fact that the trial judge may have also discussed the merits of Petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject the claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999).  A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).  Petitioner's first, second, and fifth claims are procedurally defaulted. [1]

Petitioner alleges ineffective assistance of appellate counsel on both his appeal of right before the Michigan Court of Appeals and his application for leave to appeal before the Michigan Supreme Court as cause to excuse his procedural default.  Petitioner also raises the ineffective assistance of appellate counsel claims as separate claims for substantive relief.

---

[1] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claims, because state post-conviction review was the first opportunity that he had to raise these claims. *See Guilmette,* 624 F.3d at 291.  However, for the reasons stated below, Petitioner is not entitled to habeas relief on these two claims.

Petitioner has not shown that appellate counsel Dana Carron was ineffective in his representation of Petitioner on his appeal of right.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington,* 466 U.S. 384 (1984)] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*,

908 F.2d 56, 59 (6th Cir. 1990).   In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52).   "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002).   Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner failed to show that appellate counsel Dana Carron's performance fell outside the wide range of professionally competent assistance by omitting the claims that Petitioner raised for the first time in his post-conviction motion for relief from judgment.   Appellate counsel filed a thirty nine page appellate brief which raised three claims, including the sufficiency of evidence claim raised by Petitioner.[2] Petitioner failed to show that appellate counsel's strategy in presenting these three claims and not raising other claims was deficient or unreasonable.   Moreover, for the reasons stated by the Assistant Michigan Attorney General in her very thorough answer to the petition for a writ of habeas corpus, none of the claims raised by

---

[2] *See* Appellant's Brief on Appeal, ECF No. 14-6, PageID.569-607.

Petitioner in his post-conviction motion was "dead bang winners." The defaulted claims are not "dead bang winners;" Petitioner failed to establish cause for his procedural default for not raising these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

The post-conviction claims lack merit. This Court rejects the independent ineffective assistance of appellate counsel claim raised by Petitioner in Claim # 3 involving Carron's handling of his appeal of right before the Michigan Court of Appeals. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

Petitioner also alleges that Renee Wagenaar was ineffective for failing to raise these claims on his application for leave to appeal before the Michigan Supreme Court.

A criminal defendant does not have a constitutional right to the assistance of counsel to pursue discretionary state appeals. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In a criminal proceeding in which a habeas petitioner does not have a constitutional right to counsel, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *See Coleman*, 501 U.S. at 752-53. Petitioner has no constitutional right to the assistance of counsel in his discretionary appeal before the

11

Michigan Supreme Court; counsel's failure to raise these claims before that court does not excuse Petitioner's default, s*ee, e.g., Marshall v. Trippett*, 27 F. App'x 257, 260 (6th Cir. 2001), nor would it provide a basis for granting Petitioner habeas relief on his fourth claim alleging that Ms. Wagenaar was ineffective.

Petitioner failed to show cause to excuse his default; it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Petitioner has not presented any new reliable evidence to support an assertion of innocence which would allow this Court to consider his defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim (Claim # 6) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).   Petitioner failed to establish his innocence.   A miscarriage of justice will not occur if the Court declines to review Petitioner's first, second, or fifth claims on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002).

Petitioner's first through fifth claims are denied.

**B. Claim # 6.  The sufficiency of evidence claim.**

Petitioner alleges that the prosecution presented insufficient evidence to convict him.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state

13

court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Under Michigan law, the elements of felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *United States v. Kerns*, 9 F.4th 342, 350 (6th Cir.2021), *cert. denied*, 142 S. Ct. 368 (2021)(quoting *People v. Avant*, 235 Mich. App. 499, 597 N.W.2d 864, 869 (1999)). The elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *See Parker v. Renico,* 506 F.3d 444, 448 (6th Cir. 2007).

14

To establish the crime of reckless use of a firearm, the prosecution must show that the defendant's use or carrying of a firearm was reckless, heedless, willful, wanton, or without due caution and circumspection for the safety of others. *People v. Simms*, No. 238245, 2003 WL 1861016, at *1 (Mich. Ct. App. Apr. 8, 2003).

Petitioner claims that the victim fabricated the assault allegations to gain advantage with their pending divorce.  Petitioner points to numerous inconsistencies in her testimony and the fact that she was impeached on a number of matters, calling her credibility into question.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *See Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *See Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).  Petitioner's sufficiency of evidence claim rests on an allegation that the victim was not credible.  The credibility of a witness is the province of the finder of fact; Petitioner is not entitled to habeas relief on his claim. *See Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).  The victim's testimony that Petitioner assaulted her with a firearm is sufficient by itself to support Petitioner's assault and firearms convictions. *See, e.g., Hudson v. Lafler*, 421 F. App'x 619, 626 (6th Cir. 2011).

15

Petitioner alleges that there was insufficient evidence to convict him because the police did not perform a gunshot residue test to establish that Petitioner discharged the firearm. The Sixth Circuit notes that the "lack of physical evidence does not render the evidence presented insufficient; instead it goes to weight of the evidence, not its sufficiency." *Gipson v. Sheldon*, 659 F. App'x 871, 882 (6th Cir. 2016).

Petitioner is not entitled to relief on his sixth claim.

## IV. Conclusion

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

16

constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. An appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. <u>ORDER</u>

The Court **DENIES** the Petition for a Writ of Habeas Corpus and a Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  8/2/2022